Case 7:23-cv-00059   Document 6   Filed on 03/13/23 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
March 13, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| GEOVANI HERNANDEZ, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:22-cv-00036 |
| | § | |
| RANDY CRANE, et al. | § | |
| Defendants. | § | |

| | | |
|---|---|---|
| GEOVANI HERNANDEZ, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:22-cv-00339 |
| | § | |
| ANTONIO PEREZ, IV, et al. | § | |
| Defendants. | § | |

| | | |
|---|---|---|
| GEOVANI HERNANDEZ, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:22-cv-00416 |
| | § | |
| UNITED STATES ATTORNEY'S | § | |
| OFFICE, et al. | § | |
| Defendants. | § | |

| | | |
|---|---|---|
| GEOVANI HERNANDEZ, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:23-cv-00059 |
| | § | |
| U.S. DEPARTMENT OF | § | |
| HOMELAND SECURITY, et al. | § | |
| Defendants. | § | |

## **ORDER OF DISMISSAL**

In August 2017, Geovani Hernandez was arrested based on a complaint charging him with a drug trafficking offense.[1] He was subsequently indicted on two counts of aiding and abetting the offense of possession with intent to distribute a controlled substance.[2] He proceeded to a jury trial and was found guilty on both counts.[3] On July 18, 2019 he was sentenced to two hundred forty months in prison on each count, to run concurrently.[4] He appealed his conviction but apparently not the sentence imposed and the conviction was affirmed.[5] He did not file for certiorari but he did file a motion to vacate pursuant to 28 U.S.C. Section 2255. That motion is pending in Case No. 7:21-cv-87.

Hernandez has now filed four separate suits, all claiming violations of his constitutional rights and all seeking to overturn his convictions based upon those alleged violations. While the named defendants are not all the same, the claims generally are identical or very similar. Each case alleges wrongful conduct by the defendants that resulted in Hernandez' conviction and imprisonment. In each of the four cases, Hernandez seeks monetary damages, but he also seeks to have his convictions set aside. Thus, the Court address all four cases in this one order.

In three of these cases, Hernandez, a federal prisoner, seeks to proceed *in forma pauperis*.[6] Nonetheless, all four are subject to the Court's review as soon as practicable.[7] Thus, pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b), the Court reviews each complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary

---

[1] Case No. 7:17-cr-1352.
[2] *Id.*, Dkt. No. 14.
[3] *Id.*, Dkt. No. 82.
[4] *Id.*, Minute Entry dated July 18, 2019.
[5] *Id.*, Dkt. No. 149.
[6] 7:22-cr-0339; 7:22-cv-0416; and 7:23-cv-0059.
[7] *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998) (Unlike § 1915, § 1915A applies regardless of whether the plaintiff has paid a filing fee or is proceeding *in forma pauperis* ("IFP"), and also does not distinguish between dismissals as frivolous and dismissals for failure to state a claim.).

relief against a defendant who is immune from such relief. If so, such complaint shall be dismissed.

Almost thirty years ago, in *Heck v. Humphrey*, the United States Supreme Court held that "in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[8] In the Fifth Circuit, the holding in *Heck* has been extended to bar *Bivens* action as well.[9] Thus, according to *Heck*, "[a] claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983" or *Bivens*. *Heck* teaches that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . ., the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."[10]

Here, in each of the four cases Hernandez asserts that the unlawful actions of the various defendants have resulted in his illegal conviction and sentence. In addition to the monetary damages he seeks, he seeks to be immediately released from prison.[11] Each of these cases, despite

---

[8] *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S. Ct. 2364, 2372–73, 129 L. Ed. 2d 383 (1994).
[9] *Whitehurst v. Jones*, 278 Fed. Appx. 362, 363 (5th Cir. 2008) (According to the rule in *Heck v. Humphrey,* [] Whitehurst cannot bring his *Bivens* action for damages until his conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid . . . or called into question by a federal court's issuance of a writ of habeas corpus.").
[10] *Heck*, 512 U.S. at 487.
[11] 7:22-cv-36, Dkt. No. 1, p. 13 ("All listed in this Motion allowed the constitutional violations to take place with impunity resulting in the illegal conviction of Plaintiff. Plaintiff asks this Honorable Court to order the immediate release of Plaintiff."); 7:22-cv-339, Dkt. No. 1-1. p. 1 (The agent "suborned perjury, coerced testimony against me, and the NON-STOP manipulation of evidence by Corrupt Agent [] and the Corrupt Group of Federal employees, who decided to violate federal law and abuse their official capacities to use the law and the Constitution wrongly and fraudulently to ABDUCT (KIDNAP) me, by placing me in prison against U.S. Federal Law and the United States Constitution."); 7:22-cv-416, Dkt. No. 1-2, p. 5 ("I also ask this Honorable Court to release me from the illegal captivity that I have been subjected to by Corrupt United States Attorneys and Corrupt Federal Agents, as they abuse

asserting distinct claims, is an attack upon the original conviction in the drug trafficking case. Any collateral attack on that conviction is properly addressed via the pending 28 U.S.C. Section 2255 claim. Accordingly, each of these cases are **DISMISSED** as barred by *Heck v. Humphrey*.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 13th day of March 2023.

_____
Micaela Alvarez
United States District Judge

---

their official capacity and conspired to kidnap and abduct me, as they placed me fraudulently and falsely in Federal Prison."); 7:23-cv-59, Dkt. No. 1, p. 5 ("The INTENTIONAL and WILLFUL REFUSAL to disclose evidence has hindered and deprived my (sic) from using this material as evidence to further support my Appeal and my Constitutional Claims in order to free myself from the Illegal Captivity that the Corrupt Government Employees . . . have subjected me to as I find myself kidnapped and abducted at Forrest City Prison . . . FALSELY IMPRISONED.").